# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2365 | **DATE** | 4/24/2000 |
| **CASE TITLE** | Robert Jocko #A-91912 vs. Ernesto Velasco, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Jocko is ordered to obtain the necessary trust fund account statements and to submit them to this Court on or before May 22, 2000. This Court grants the Application to the extent that it does not call for prepayment of the entire fee. Both the Complaint and this action are dismissed. This however does not excuse Jocko from the earlier-stated requirement that he pay the $150 filing fee and that he must therefore provide the added submissions called for in this opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/24/2000 | |
| | | date mailed notice | |
| SN | courtroom deputy's initials | SN | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT JOCKO #A-91912,                )
                                      )
            Plaintiff,                )
                                      )
    v.                                )   No.  00 C 2365
                                      )
ERNESTO VELASCO, et al.,              )
                                      )
            Defendants.               )

DOCKETED
APR 25 2000

MEMORANDUM OPINION AND ORDER

Robert Jocko has submitted a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint against two officials at the Cook County Department of Corrections ("County Jail")--Director Ernesto Velasco and Superintendent Harold Bailey--by using the form supplied by this District Court's Clerk's Office for such prisoner complaints. Jocko has accompanied his Complaint with a form Application To Proceed Without Prepayment of Fees ("Application"), but that document contains only a certificate from the Business Administrator at Pinckneyville Correctional Center ("Pinckneyville," where Jocko is now in custody) as to the current amount in Jocko's trust fund account there--it does not include a certified copy of the statement (or institutional equivalent) showing the transactions in that account, as is



required by 28 U.S.C. §1915(a)(2).[1]

It appears from the Pinckneyville certificate that Jocko has not been in custody there for the entire six-month period preceding the filing of the Complaint (the time frame that the statute requires).[2] Complaint ¶V (photocopy attached), which sets out Jocko's claims, appears to indicate that the trust fund account statements from October 15, 1999 through April 14, 2000 will have to come from Galesburg Correctional Center and perhaps even the County Jail (as to the first part of that period) as well as from Pinckneyville (for the balance of that period). Until all of those statements are furnished, this Court cannot carry out its responsibilities under Section 1915(b) to determine the initial partial filing fee that Jocko must pay, as well as to provide for the payment of the rest of the $150 fee. Accordingly Jocko is ordered to obtain the necessary trust fund account statements and to submit them to this Court on or before May 22, 2000.

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] This Court notes that the Pinckneyville certificate is dated March 13, 2000, while the Complaint was not signed until a month later (April 14, 2000). This opinion will use that latter date as Jocko's presumptive filing date in calling for the supplemental submissions dealt with here.

2

slips to the sick call hospital there, but that does not begin to equate to his invoking the administrative remedies that are provided for dealing with the grievances of pretrial detainees such as Jocko.

2. Independently of that deficiency, which alone requires dismissal of this action, Jocko's substantive contentions do not establish a constitutional deprivation--in this instance, the "deliberate indifference to serious medical needs" that Estelle v. Gamble, 429 U.S. 97 (1976) and its progeny have established as an Eighth Amendment[3] violation as to convicted persons and that other case law has extended to pretrial detainees.

Accordingly both the Complaint and this action are dismissed. This however does not excuse Jocko from the earlier-stated requirement that he pay the $150 filing fee and that he must therefore provide the added submissions called for in this opinion. Congress has so provided, and this Court is obliged to

---

[3] As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guarantees).

4

In the meantime, because the Application does satisfy the necessary showing under Section 1915(a)(1) of Jocko's inability to pay the whole filing fee currently, this Court grants the Application to the extent that it does not call for prepayment of the entire fee. With that done, this Court is called upon to carry out its further obligation of screening the Complaint pursuant to Section 1915(a).

On that score Jocko has obviously been exposed to the totally inaccurate grapevine rumor that anyone who is called upon to sleep on the floor at the County Jail (or more accurately, on bedding placed on the floor) because of its long-existing overcrowding situation is entitled to recover damages of $100 per day, for that is what he sets out in his claim for relief in Complaint ¶VI. That is simply not so, and there are two separate grounds for dismissing the Complaint and this action at the outset:

1. Because Jocko has failed to exhaust "such administrative remedies as are available" (42 U.S.C. §1997e(a)), that statute forecloses the bringing of his action at this time (see, e.g., Massey v. Helman, 196 F.3d 727, 732-33 (7th Cir. 1999)). Complaint ¶III says that while at the County Jail Jocko had submitted several request

3

follow that mandate.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 24, 2000

SD478

V. Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Paintiff was incarcerated in cook county jail locked up , from May 28, 1998 to July 25 ,1998 for 50 days and was forced to sleep on the floor the hole time cause of over crouded cell which was made only for 2 men , also plaintiff submitted request slips over several times to receive help "if any" was not receiven no results.

(2) Plaintiff was sent to Galesburg Corr. Cent. for a violation of parole and than was finally given medical treatment than was told that I had a funguss called"Scabbey,s" and than was told you catch it from a nasty areas floors or funguss mattreses ,which the county has just that from storeging mattresses on dirty floors useing time after time with not being cleaned or disinfected.

SD 478